# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY E. NOTTAGE,<br><br>    Plaintiff,<br><br>v.<br><br>SIX UNKNOWN LOS ANGELES POLICE OFFICERS AND UNKNOWN EMPLOYEES OF WEST HILLS HOSPITAL,<br><br>    Defendants. | Case No. CV 15-4924-JLS (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On June 29, 2015, Mary E. Nottage ("Plaintiff"), proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), naming Six Unknown Los Angeles Police Officers and Unknown Employees of West Hills Hospitals as defendants.

**SCREENING STANDARDS**

"'A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim . . . .'" Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (quoting Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)); Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)."); see also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer

subject matter jurisdiction, and may be dismissed sua sponte before service of process.") (internal citation omitted). Dismissal is appropriate if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94; Albright v. Oliver, 510 U.S. 266, 267 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.") (italics in original). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin, 745 F.2d at 1228-29.

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges as follows:

On November 2, 2014, three unnamed Los Angeles Police Department officers entered Plaintiff's residence, demanded to know to whom she was speaking on the phone, surrounded Plaintiff, and hit her about the head and body while attempting to apprehend her. The officers struck, pushed, and dragged Plaintiff multiple times. Thereafter, Plaintiff was transported to West Hills Hospital emergency ward. Unknown hospital employees secured Plaintiff with restraints. A nurse pulled down Plaintiff's underwear and exposed her to observing police officers multiple times. The police officers conspired with unknown hospital employees to wrongfully and unlawfully detain and sexually assault Plaintiff. (Complaint at 4.)

First Cause of Action: The officers and hospital employees violated Plaintiff's First, Fourth, and Fourteenth Amendment rights by subjecting her to unlawful detention and excessive force. (Complaint at 5.)

Second Cause of Action: The officers used excessive force on Plaintiff by pushing, slapping, and dragging Plaintiff while attempting to apprehend her. (Complaint at 2, 6.)

Third Cause of Action: Hospital employees unlawfully detained Plaintiff by restraining her in the hospital. (Complaint at 6.)

Fourth Cause of Action: The City of Los Angeles and the Mayor (who are not named as defendants) failed to adequately train and supervise the officers in the proper use of their police powers. The City of Los Angeles also employs officers who have a violent character, unsuitable temperament, and insensitive disposition. (Complaint at 7.)

Plaintiff seeks declaratory and injunctive relief and damages. (Complaint at 8.)

**DISCUSSION**

I. **PLAINTIFF FAILS TO NAME A PROPER DEFENDANT.**

The only named defendants are "Six Unknown Los Angeles Police Officers" and "Unknown Employees of West Hills Hospital." Plaintiff does not name any known person or entity as a defendant. Accordingly, there is no person to answer to the summons and Complaint.[1]

If Plaintiff chooses to pursue this action, she must name at least one known defendant and set forth specific facts showing how that defendant (or defendants) proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff makes various allegations against the City of Los Angeles and the Mayor of Los Angeles in the body of the Complaint only. (See Complaint at 2, 7.) Persons or entities named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, she must include in the caption the names of each defendant against whom she is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not issue a summons for any named defendant not identified in the caption.

II. **THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8.**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff

---

[1] On August 19, 2015, a summons was issued on the Complaint. On December 9, 2015, Plaintiff filed a proof of service of the summons and Complaint on West Hills Hospital. However, West Hills Hospital is not a named defendant in this action. No other proof of service has been filed. Because Plaintiff has failed to name a proper defendant, her attempted service of the Complaint on West Hills Hospital was not valid.

4

should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

Plaintiff's Complaint does not comply with the standards of Rule 8. Plaintiff's allegations fail to clearly identify each individual claim, the incident(s) giving rise to each claim, and the specific Defendants Plaintiff believes are liable for each of those claims. Instead, the Complaint lumps many of Plaintiff's factual allegations together in a confusing manner, without specifying their relation to a particular claim. This is insufficient. Plaintiff must list her factual allegations according to the claims that she is asserting. The Court is not required to sort through Plaintiff's allegations in search of a viable claim, Independent Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003); see Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994), and Plaintiff's failure to plainly and succinctly provide each prospective defendant with fair notice of the bases of the claims against him violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

In sum, Plaintiff's Complaint is subject to dismissal under Rule 8.

### III. **PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE MAYOR AND CITY OF LOS ANGELES.**

As set forth above, Plaintiff has failed to name a proper defendant. However, in the body of the Complaint Plaintiff alleges that the City of Los Angeles and the Mayor of Los Angeles are responsible for the actions of the officers because those officers violated Plaintiff's civil rights pursuant to a policy or practice promulgated by the City. (Complaint at

7.)  It appears, therefore, that Plaintiff is attempting to state a claim against the City and the Mayor in his official capacity.

An official capacity claim is merely another way of pleading a claim against the governmental entity of which the official is an agent.  Monell v. Department of Social Services, 436 U.S. 658, 690 n.55 (1978); see also Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Consequently, any claims by Plaintiff against the Mayor in his official capacity are, in effect, claims against his employing entity, the City of Los Angeles.

To allege a Section 1983 claim against a local governmental entity such as the City of Los Angeles, Plaintiff must allege not only a constitutional deprivation but also a policy, custom, or practice of the City that was the "moving force" of the constitutional deprivation. Monell, 436 U.S. 658, 694-95 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008).  A local governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  As the Ninth Circuit has explained: "Under federal law, the County cannot be held vicariously liable for its deputies' acts of excessive force. The County may be held liable only if it has adopted an illegal or unconstitutional policy or custom" that resulted in the excessive force."  Cameron v. Craig, 713 F.3d 1012, 1023 (9th Cir. 2013) (internal quotation marks and citations omitted).

Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining.  Plaintiff's allegations regarding the City's failure to train and supervise its officers are wholly conclusory.  Plaintiff alleges no specific facts to support these broad allegations, and they are insufficient.  See Iqbal, 556 U.S. at 678-79 (legal conclusions must be supported by factual allegations); Dugherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (finding that plaintiff's conclusory allegations "lack any factual allegations that would separate them from the 'formulaic

6

recitation of a cause of action's elements' deemed insufficient by Twombly."). Plaintiff has not identified any policy, custom, or practice of the City that resulted in the acts of which she complains. Absent such allegations, she has not alleged a claim against the City or the Mayor in his official capacity. See Cameron v. Craig, 713 F.3d 1012, 1023 (9th Cir. 2013) (County entitled to summary judgment because plaintiff did not identify any custom or policy of the County that guided the deputies' use of force in the search and arrest).

Accordingly, Plaintiff's allegations are insufficient to state a claim against the City or the Mayor.

## IV. **PLAINTIFF FAILS TO ESTABLISH THAT WEST HILLS HOSPITAL OR ITS EMPLOYEES ARE GOVERNMENT ACTORS.**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead facts establishing that the defendants (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States; and (2) acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotations and citations omitted). Here, Plaintiff alleges a deprivation of his Fourth Amendment rights to be free of unlawful searches and seizures. The Fourteenth Amendment, which incorporates the Fourth Amendment against the states, applies only against "state action." Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982). "If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 n.2 (2001) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 (1982)).

Courts "start with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999). "Whether a private party engaged in state action is a highly factual question." Brunette v. Humane Soc. of Ventura Cnty., 294 F.3d 1205, 1209 (9th Cir. 2002). Conclusory allegations are insufficient to establish the element of state action. See Dietrich

v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) ("[A] bare allegation of joint action will not overcome a motion to dismiss. Plaintiff must allege facts tending to show that Defendants acted under color of state law or authority.") (internal quotations, ellipses, and citation omitted).

    The Ninth Circuit has recognized the following four tests used to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation omitted). Regardless of which test applies, the fundamental consideration is whether the private conduct is fairly attributable to the state. Id. at 1096; see also Lugar, 457 U.S. at 937. Ultimately, a plaintiff bears the burden of establishing that a particular defendant is a state actor under any applicable test. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

    Here, Plaintiff has failed to allege any facts demonstrating that West Hills Hospital or its employees were acting under color of state law within the meaning of § 1983. Accordingly, Plaintiff has failed to state a claim against West Hills Hospital or its employees.

*************

    For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

    If Plaintiff desires to pursue this action, she is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

    If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide plaintiff with a blank Central District of California civil rights complaint form. Plaintiff must completely fill out the relevant portions of the form resubmit it to the Court.

**Plaintiff is admonished that, if she fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: January 29, 2016                                    */s/ John E. McDermott*
                                                                              JOHN E. MCDERMOTT
                                                                    UNITED STATES MAGISTRATE JUDGE